# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIMMY R. STORMANT,** *Plaintiff,* | **CIVIL ACTION** |
| v. | No. 17-2321 |
| **TYBURN RAILROAD LLC,** *Defendant.* | |

## MEMORANDUM

Defendant Tyburn Railroad, LLC ("Tyburn" or "Defendant") filed its Motion for Summary Judgment on July 11, 2018 arguing that Plaintiff was not an employee of Tyburn for the purposes of the Federal Employers Liability Act ("FELA") and that Plaintiff cannot demonstrate causation or damages based on the undisputed record and expert testimony submitted. Def.'s Mot. For Summ. J. (ECF No. 15). Plaintiff's Response in Opposition argued that there is sufficient evidence to show that Plaintiff was employed by Tyburn and to show causation and damages based on the relaxed causation standard under FELA. Plf.'s Resp. (ECF No. 16). Defendant's Reply in Support reiterated that Plaintiff was not an employee of Tyburn and Plaintiff fails to identify material facts showing that Tyburn was negligent. Def.'s Reply (ECF No. 20).

A person seeking to recover damages under FELA must show the following: "First, they must establish that the defendant is a common carrier by railroad engaged in interstate commerce; second, they must prove that they were employed by the defendant and assigned to perform duties which furthered such commerce; third, they must demonstrate that their injuries were sustained while they were employed by the common carrier; and finally, they must prove that their injuries resulted from the defendant's negligence." *Felton v. Se. Pennsylvania Transp. Auth.*, 952 F.2d 59, 62 (3d Cir. 1991). Defendants argued that Plaintiff has not shown the second

and third prongs because Plaintiff cannot establish that he was employed by Defendant Tyburn. Def.'s Mot. For Summ. J. at 13-15 (ECF No. 15). Defendant argues that Plaintiff was an employee of RT LLC and not Tyburn because RT LLC paid Plaintiff's wages, RT LLC owned the truck that Plaintiff used on a daily basis, Plaintiff was supervised by Kevin Cotter, an RT LLC employee, and Plaintiff received workers' compensation benefits through RT LLC. *Id.* at 14.

However, the Third Circuit has found that an individual was the employee of a common carrier even when the evidence "did not directly show the requisite power to control," because there was "evidence sufficient to permit a jury to find that [the plaintiff] was [the common carrier's] borrowed servant or a dual servant of [the trucking company who employed him] and [the common carrier] when he was injured without regard to the subservant concept." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991). In *Williamson*, the plaintiff received his paychecks from a trucking company who would unload trailers from trains owned by the common carrier, ConRail. *Id.* at 1350. The plaintiff in that matter testified that he took orders from either the trucking company or ConRail depending on the job he was doing and that, the morning of that accident, he was being directed by the ConRail supervisor. *Id.* The Court therefore found that a reasonable jury could infer that the plaintiff was subject to ConRail's control and direction when he was injured. *Id.*

Similarly, here, although Plaintiff received his paychecks from RT LLC, the evidence shows that Plaintiff's supervisor, Kevin Cotter, oversaw both Regional Transload employees *and* Tyburn employees, and considered himself a "general manager of Tyburn," who had the power to both hire and terminate RT LLC and Tyburn employees. Def.'s Mot. Summ. J., Exhibit B at 20:23-21:8 (ECF No. 15). Cotter's deposition indicates that Tyburn employees "work on the

rails in the yard and handle the transloading of trucks and railcars," whereas RT LLC employees primarily drive trucks, but also assist with "odd jobs" like working in the yard and "unloading of things off the trains and loading into the trucks." *Id.* at 18:9-19:16. At the time of his injury, Plaintiff stated in his deposition that he was asked to move a trailer into the urea unloading pit. Def.'s Mot. Summ. J., Exhibit A at 92:14-94:12 (ECF No. 15). The question of under whose control Plaintiff was when he completed this task, considering it seems to fall under the type of work completed by either a Tyburn or an RT LLC employee, is a factual question, and thus its resolution is inappropriate on a motion for summer judgment. Furthermore, even if the trailer that Plaintiff was operating was owned by RT LLC, exhibits submitted by the Defendant indicate that the trailer was insured by Tyburn and that the trailer at issue's Pennsylvania Financial Responsibility card and registration card show Tyburn as the insured and/or owner of the trailer. *See* Def.'s Mot. Summ. J, Exhibit C (ECF No. 15).

For these and other reasons, the Court finds that there are genuine issues of material fact as to whether Plaintiff was an employee of Tyburn for the purposes of FELA, and this matter is therefore not properly decided on a motion for summary judgment. *See Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991) (holding the "determination of the legal issue depends on resolution of the underlying factual question concerning Plaintiff's status as an employee of ConRail at the time of the accident.")

Furthermore, in terms of determining causation and damages, the Third Circuit has held that a "FELA plaintiff need only present a minimum amount of evidence in order to defeat a summary judgment motion." *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 268 (3d Cir. 1991). In addition, a "trial court is justified in withdrawing . . . issue[s] from the jury's consideration only in those extremely rare instances where there is a zero probability either of employer negligence

or that any such negligence contributed to the injury of an employee." *Id. see also Kennedy v. Norfolk S. Ry. Co.*, 553 F. Supp. 2d 516, 521 (W.D. Pa. 2008); *Rock v. Nat'l R.R. Passenger Corp.*, No. CIV.A.04-1434, 2005 WL 1899503, at *3 (E.D. Pa. Aug. 9, 2005). "Slight negligence, necessary to support a FELA action . . . is much less than the burden of proof required to sustain recovery in ordinary negligence actions." *Rock*, 2005 WL 1899503, at *3 (*quoting Walsh v. Consol. Rail Corp.*, 937 F.Supp. 380, 382 (E.D.Pa. 1996)).

Plaintiff stated in his deposition that he had made "numerous" complaints to supervisors, a co-driver, and the mechanic regarding that particular trailer disconnecting, which could indicate that Tyburn was on notice that the trailer was not performing properly. Def.'s Mot. Summ. J., Exhibit A, 101:24-103:16 (ECF No. 15). As to Plaintiff's slip and fall claim, Plaintiff stated in his deposition that when he fell there was "ice everywhere" and no salt on the road. Def.'s Mot. Summ. J., Exhibit A, 131:1-15 (ECF No. 15). Furthermore, Defendant admits that the United States Department of Commerce meteorological report maintained by the National Centers for Environmental Information shows at least "trace" precipitation recorded on the day Plaintiff alleges he fell. Def.'s Statement of Undisputed Material Facts at 32 (ECF No. 15, Attachment # 2). The Court is not convinced that there is zero probability that *any* negligence on behalf of Defendant Tyburn contributed to Plaintiff's injuries. This matter is more appropriately determined by a jury.

For these reasons, Defendant's Motion for Summary Judgment is denied. An appropriate order will follow this Memorandum.

DATED: 2-14-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE